```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

  RAYMOND ARAN,

                    Plaintiff,                MEMORANDUM & ORDER
                                              22-CV-904(EK)(LB)
            -against-

  DEPARTMENT OF TREASURY and INTERNAL
  REVENUE SERVICE,

                    Defendants.
------------------------------------x
```

ERIC KOMITEE, United States District Judge:

      *Pro se* plaintiff Raymond Aran has filed a pleading titled "Request to Dismiss for Lack of Jurisdiction" that I construe as a complaint. Compl., ECF No. 1.[1] He filed a materially identical document six months earlier. Compl., *Aran v. Dep't of Treasury*, No. 21-CV-4748, ECF No. 1 (the "First Action"). In essence, Aran argues that the defendant — the U.S. Treasury — lacks "jurisdiction" to tax him. On February 8, 2022, I dismissed the complaint in the First Action for lack of subject-matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure and as frivolous. No. 21-CV-4748, ECF No. 8. The Clerk entered judgment on February 11, 2022. *See*

---

[1] Plaintiff's filing contains numerous references to his social security number, taxpayer-identification number, and birth date. The Clerk of Court is therefore directed to limit electronic access to this document, as well as documents filed at ECF No. 1 and ECF No. 6 in *Aran v. Dep't of Treasury*, No. 21-CV-4748, to case participants only. *See* Fed. R. Civ. P. 5.2(a)(1)-(2).

No. 21-CV-4748, ECF No. 10. Because the instant complaint is duplicative of the one already dismissed, this action is barred by the doctrine of issue preclusion, as explained below.

## I. Background

Aran appears, once again, to challenge his obligation to pay income tax. The exhibits attached to the complaint indicate that he owes income tax payments to New York State and to the Internal Revenue Service, and that he has been notified that his property is subject to levy or seizure because of his failure to pay. Compl. 55-58, 74-82. Although the remedy he seeks is unclear, there are indications in the complaint that Aran is seeking a declaration that the state and federal governments lack "jurisdiction" to tax him.

## II. Legal Standard

In reviewing Aran's complaint, the Court is mindful that "the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).[2] Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

1983). Among other things, a *pro se* complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Williams v. Bronx Cnty. Child Support Customer Serv. Unit*, 741 F. App'x 854, 855 (2d Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### III. Discussion

The First Action was dismissed as barred by the doctrine of sovereign immunity, the Anti-Injunction Act, and the Declaratory Judgment Act. In dismissing on these grounds, the Court concluded that it lacked subject-matter jurisdiction to hear Aran's claims — which he re-asserts, with a duplicative complaint, in this suit.

Generally, a "dismissal for lack of subject matter jurisdiction is not an adjudication of the merits, and hence has no [claim preclusive] effect." *St. Pierre v. Dyer*, 208 F.3d 394, 400 (2d Cir. 2000). Even so, the doctrine of *issue* preclusion, or collateral estoppel, "bars relitigation of the specific issues that the prior court decided in reaching its jurisdictional determination." *Bank v. Spark Energy Holdings, LLC*, No. 13-CV-6130, 2014 WL 2805114, at *4 (E.D.N.Y. June 20, 2014); *see Stengel v. Black*, 486 F. App'x 181, 183 (2d Cir. 2012) ("Although a dismissal for lack of jurisdiction is not an adjudication on the merits of a claim, such a dismissal precludes re-litigation of the issue it decided."). A district

3

court may raise issues of collateral estoppel *sua sponte*.  *See Caldwell v. Pesce*, 83 F. Supp. 3d 472, 481 (E.D.N.Y. 2015), *aff'd*, 639 F. App'x 38 (2d Cir. 2016).

The doctrine of issue preclusion thus applies when "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits."  *Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir. 2001).  In *Grieve*, for example, the plaintiff was collaterally estopped in a subsequent federal action from bringing "substantially the same claims" raised in a prior federal action, which that court had dismissed on abstention grounds.  *Id.* at 153-54.

Here, Aran brings the same claims against the same parties as he did in the First Action.  Issue preclusion bars any further litigation of the jurisdictional issue in this action.  *See Wu v. Civ. Ct. of City of New York*, No. 21-CV-8668, 2022 WL 525561, at *3 (S.D.N.Y. Feb. 22, 2022) (barring re-litigation of identical claims dismissed in prior suit on sovereign immunity grounds); *O'Callaghan v. New York Stock Exch.*, No. 12-CV-7247, 2013 WL 3984887, at *10 (S.D.N.Y. Aug. 2, 2013) (issue preclusion barred further litigation on previously decided issue of subject-matter jurisdiction), *aff'd*, 563 F.

4

App'x 11 (2d Cir. 2014). The complaint therefore must be dismissed.

## IV. Conclusion

For the reasons set out above, the action is dismissed. The Clerk of Court is directed to enter judgment and close the case.

Plaintiff has now filed two duplicative complaints in this district, both of which have been dismissed *sua sponte*. "If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005). Plaintiff is warned that any further frivolous filings may result in the issuance of an order prohibiting Plaintiff from filing any lawsuits in this district without first obtaining leave of the Court.

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is also respectfully directed to

send a copy of this order to Plaintiff by mail and to note the mailing on the docket.

    SO ORDERED.

                                              /s/ Eric Komitee
                                          ERIC KOMITEE
                                          United States District Judge

Dated:    May 30, 2023
             Brooklyn, New York